**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TYREECE O. JEFFERSON,**

**Petitioner**

**v.** // **CIVIL ACTION NO. 1:05CV10**
**CRIMINAL NO. 1:02CR59**
**(Judge Keeley)**

**UNITED STATES OF AMERICA,**

**Respondent.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 19, 2005, pro se petitioner, Tyreece O. Jefferson ("Jefferson"), filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In his §2255 motion, Jefferson alleged that his counsel was ineffective for failing to object to: (1) the use of a juvenile conviction in the calculation of his criminal history points, (2) a firearm enhancement, and (3) his unconstitutional sentence pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 543 U.S. 220 (2005). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

After preliminary review, Magistrate Judge Kaull determined that summary dismissal of Jefferson's §2255 motion was not warranted and directed the petitioner to respond to the motion. On September 14, 2006, the Government responded stating that Jefferson's counsel was not ineffective. Specifically, the

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Government asserted that Jefferson's criminal history calculation was lawful and appropriate, that his counsel vigorously objected to the firearm enhancement, and that Jefferson may not challenge his sentence under <u>Booker</u> on collateral review.  In addition, the Government stated that there was adequate proof to support the firearm enhancement as evidenced by the Fourth Circuit's affirmance of the enhancement on appeal.

On March 28, 2007, Magistrate Judge Kaull filed a Report and Recommendation recommending that Jefferson's § 2255 motion be denied and his case be dismissed with prejudice.  Relying on United <u>States v. Hairston</u>, 152 F.Supp.2d 894, 895 (N.D.W.Va. 2001), the Magistrate Judge concluded that the sentencing court properly awarded criminal history points for Jefferson's juvenile conviction, and, therefore, his counsel was not ineffective for failing to object to the use of such conviction in his criminal history calculation.

With respect to the firearm enhancement, Magistrate Judge Kaull noted that the propriety of applying the firearm enhancement was considered by the Fourth Circuit on appeal and is not appropriate for review under §2255.  However, even if the Court could consider this claim, he concluded that the Government introduced sufficient evidence to meet its burden of proof on connecting the firearm to the offense, and, therefore, Jefferson's

**JEFFERSON v. U.S.** 1:05CV10
1:02CR59

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

counsel was not ineffective for failing to object to the firearm enhancement.  Finally, citing to United States v. Morris, 429 F.3d 65 (4th Cir. 2005), the Magistrate Judge determined that Jefferson's Booker argument was foreclosed because Booker is not retroactively applicable to cases on collateral review.

The Magistrate Judge's Report and Recommendation specifically warned that failure to object to the recommendations would result in the waiver of any appellate rights on this issue.  Nevertheless, Jefferson filed no objections to the Report and Recommendation.[1]

Therefore, the Court adopts Magistrate Judge Kaull's Report and Recommendation and imposes judgment consistent with it. Accordingly, Jefferson's §2255 motion to vacate sentence is **DENIED** and the case is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested and to counsel of record.
Dated: April 13, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Jefferson's failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented.  See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).